UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Chapter 7
Bankruptcy No. 08-14192

|  |  |
|---|---|
| IN RE:<br>RICHARD MARTIN PARELES,<br>Debtor | ) CREDITOR GOLDSMITH'S VERIFIED<br>) MOTION FOR RELIEF FROM AND/OR<br>) TO DECLARE THE NOVEMBER 18,<br>) 2008 REINSTATED AUTOMATIC<br>) STAY NOT IN EFFECT, AND NO<br>) LONGER IN EFFECT, AND TO<br>) DECLARE THAT A POST-PETITION<br>) STATE COURT SANCTIONS ORDER<br>) AGAINST THE DEBTOR NOT<br>DISCHARGEABLE OR SUBJECT TO A<br>REINSTATED STAY |

TO:  THE HONORABLE JOAN FEENEY, U.S. BANKRUPTCY JUDGE

Now comes Arthur H. Goldsmith, a late [November 18, 2008],
questionably added creditor not previously listed or scheduled as
a creditor holding a claim against Richard Martin Pareles, in
Pareles' original June 9, 2008 commenced Chapter 7 Petition, as
Goldsmith's claim had not yet been incurred as of the Pareles
June 9, 2008 filing date, and moves this Honorable Court (Feeney,
J.), pursuant to 11 U.S.C. § 362(d) and Fed. R. Bank. P. 4001,
and Local Rule 4001-1, for relief from the questionable
November 18, 2008 reinstatement of the automatic stay, allowed by
Judge Boroff on an emergency basis, on Debtor Pareles' _pro se_
Emergency Motion to Re-Open.

Goldsmith also moves this Honorable Court, pursuant to 28
U.S.C. § 2201,[1] to declare the November 18, 2008 emergency
granted reinstated automatic stay not in effect, or no longer in

---

[1] 28 U.S.C. § 2201 (any court of the United States may declare
the parties' right and relations).

1

effect, as not compliant with 11 U.S.C. § 362(a)(1), as the
November 18, 2008 reinstated automatic stay purported to grant
relief from a post-petition claim that <u>arose</u> June 26, 2008, <u>after</u>
Debtor Pareles commenced his bankruptcy on June 9, 2008.

Goldsmith's claim relates to a Middlesex Superior Court's
(Kern, J.) June 26, 2008 Sanctions Order, attached as Exh. "A,"
that Debtor/Attorney Richard M. Pareles pay Attorney Goldsmith
$9,000 for responding to and appearing in the Middlesex Superior
Court on June 19, 2008 -- a date Attorney Pareles failed to
appear, and after Pareles filed his bankruptcy petition on
June 9, 2008, but without Notice of Pareles' bankruptcy to the
Middlesex Superior Court or Attorney Goldsmith -- opposing a
Pareles-filed frivolous motion to compel in a frivolous and
improper Pareles-initiated Middlesex Superior Court civil action,
<u>Barrows v. Butt</u>, Middlesex Superior Court, No. 08-CV-0246.

The Debtor should not be allowed to belatedly, after the
November 13, 2008 discharge, reopen his closed bankruptcy case,
to add a post-petition claim arising <u>after</u> the June 9, 2008
commencement of his bankruptcy case that Pareles knew about, but
purposely failed to disclose in this Bankruptcy Court and did
nothing about to alert Creditor Goldsmith or the state courts.

Pareles' Motion to Reopen should have been denied, and his
case should have remained closed because Debtor Pareles falsified
statements in his <u>pro se</u> Motion to Re-Open and falsified the date
of incurrence of the claim, asserting the January 16, 2008 date
Pareles commenced the <u>Barrows v. Butt</u> case, so as to purportedly

show the claim as arising before the June 9, 2008 filing of
Pareles' bankruptcy petition, when the claim did not arise until
June 26, 2008, when Judge Kern issued her Sanctions Order, or,
until September 25, 2008, when the Massachusetts Appeals Court
denied Attorney/Debtor Pareles his interlocutory petition seeking
to overturn Judge Kern's Sanctions Order.

Furthermore, Attorney/Debtor Pareles purposely failed to
file any Suggestion of his Bankruptcy with the Middlesex Superior
Court, or with the Massachusetts Appeals Court, or with Attorney
Goldsmith, hiding his bankruptcy from the state courts, while
Pareles' bankruptcy was pending, and now only disclosing same
when he (Pareles) was facing a November 18, 2008 contempt
hearing.  Attorney/Debtor Pareles purposely failed to give any
notice in the state courts that he (Pareles) was claiming the
protections of the bankruptcy code, assuming those protections
even applied to a post-petition debt/claim.  Pareles cannot now
use or reopen his bankruptcy when it suits his interests, first
invoking bankruptcy on the eve of a noticed and agreed
November 18, 2008 Superior Court contempt hearing.
Attorney/Debtor Pareles purposely avoided giving notice of his
bankruptcy while he unsuccessfully sought to overturn the
Sanctions Order in the Massachusetts Appeals Court.

This Court should not allow Pareles to reopen his bankruptcy
to seek discharge of a post-petition claim.  Such federal
judicial relief would reward an attorney whose frivolous conduct
was deemed sanctionable by a Superior Court Judge (Kern, J.) and

upheld against an interlocutory appeal by the Massachusetts
Appeals Court.  And, a Middlesex Probate & Family Court Judge
(Keamy, J.) ordered, on May 10, 2007, Attorney Pareles to pay
$178 for expenses in connection with the discharge of improperly,
ex parte obtained attachments from one Judge of the Middlesex
Probate & Family Court after the Judge assigned to the case
(Judge Keamy) had earlier declined to enter the ex parte
attachments on a wrongful contempt filed by Pareles claiming no
monies owed.  The May 10, 2007 Order is attached as Exh. "M."

In further support, Goldsmith says and verifies as follows:

1.   The $9,000 Sanctions Order, Exh. "A," that the Debtor
seeks to be included, within his discharge, was not endorsed
until June 26, 2008, after Pareles' June 9, 2008 bankruptcy
filing, and is a post-petition claim, not a pre-filing debt or
claim.  Debtor Pareles has failed to offer any excusable neglect
or legitimate reasons for not listing or scheduling this known
debt/claim during the pendency of his open bankruptcy, from
June 9, 2008, or after June 30, 2008, when the June 26, 2008
Order entered, through the November 13, 2008
discharge/termination date.  Pareles cannot now wait until after
his bankruptcy is closed to reopen and list this post-petition
claim that arose after the commencement of his Chapter 7 case and
that he (Pareles) knew about for four and a half months before
November 13, 2008.

2.   And, if Pareles seeks to argue that this debt/claim
arose before his June 9, 2008 bankruptcy filing, as his frivolous

litigation conduct giving rise to the claim was Pareles'
January 16, 2008 initiation of an improper lawsuit and his
April 18, 2008 service of a frivolous motion to compel discovery
during the pendency of a March 19, 2008 argued and undecided
Motion to Dismiss, then Pareles was obligated to list and
schedule this potential claim in his June 9, 2008 filings and
schedules, but Pareles purposely did not do so.  To be sure,
Goldsmith's claim for sanctions in the award of attorney fees was
not first reduced to an Order until June 19, 2008, Exh. "B," and
then reduced to $9,000 on June 26, 2008, Exh. "A."  Attorney
Pareles has only himself to blame for this Sanctions Order
against him, as he failed to oppose or appear at the noticed
June 19, 2008 Middlesex Superior Court hearing in Woburn.

    3.    None of the reasons or grounds cited by Debtor/Attorney
Pareles in his Emergency Motion are accurate or correct.  Very
little of what Attorney Pareles says in any court paper has any
resemblance to the truth.  Attorney Pareles, who was not trial
counsel for Leah Barrows, at the November 25, 2005 Probate &
Family Court Trial and negotiations and Court colloquy and
approval of the parties' signed Stipulation, see Exh. "C,"
continues to attack Attorney Goldsmith and Tariq Butt,
perjuriously claiming fraud and intimidation, without any factual
or legal basis.  These false attacks have been rejected by every
Judge who has patiently listened to or read Pareles' abusive
pleadings.  In one of Pareles' pleadings -- his Memorandum In
Support of his Interlocutory Petition, attached as Exh. "H,"

Attorney Pareles abuses the absolute privilege that attaches to court papers and goes so far beyond the bounds of ethical brief-writing by calling Mr. Butt a "misogynist" and Mr. Goldsmith[2] a "misogynist attorney," without a shred of supportable evidence.

　　　4.　　Attorney Richard M. Pareles' January 16, 2008 filing of the Barrows v. Butt, Middlesex Superior Court action, C.A. No. 08-00246, was an improper collateral attack[3] upon a Middlesex Probate & Family Court November 23, 2005 Stipulation signed by

---

[2] Attorney Goldsmith was a member of an Equal Rights Amendment Education Task Force in 1975, and has represented more women than men in domestic proceedings.

[3] Bloom v. Bloom, 337 Mass. 480, 482 (1958) (a Probate Court decree within its jurisdiction cannot be collaterally attacked by a bill in equity, even for fraud); Farquhar v. New England Trust Co., 261 Mass. 205, 213 (1927) (decree of Probate Court cannot be attacked collaterally by a bill in equity); Wibur v. Hallett, 305 Mass. 554, 558 (1940) (no collateral attack on a good Probate Court decree within its jurisdiction); Mahoney v. Nollman, 309 Mass. 522, 525 (1941) (Probate Court decree is conclusive and cannot be attacked collaterally even for fraud); Grassie v. Grassie, 318 Mass. 346, 348-349 (1945) (Probate Court decree cannot be reopened by a suit in equity); Beede v. Old Colony Trust Co., 321 Mass. 115, 121 (1947) (Probate Court decree cannot be attacked collaterally); Old Colony Trust Co. v. Portes, 324 Mass. 581, 590 (1949) (Probate Court decree within its jurisdiction cannot be attacked collaterally); Bloom v. Bloom, 337 Mass. 480, 482 (1958) (no bill in equity can collaterally attack Probate Court decree); see also cases cited in Butt's Motion to Dismiss, p. 5, fn. 6, Tompkins v. Tompkins, 65 Mass. App. Ct. 487, 493 (2006) (husband's complaint for modification challenging a judgment of divorce three years after it became final was an untimely and impermissible collateral attack on the judgment); Levenson v. Feuer, 60 Mass. App. Ct. 428, 441-442 (2004) (declaratory judgment proceeding cannot be used to collaterally attack an unappealed contempt judgment); Lombardo v. Gerard, 32 Mass. App. Ct. 589, 599 (1992) (collateral attacks on final judgments); Pavlik v. Dmytryck, 6 Mass. App. Ct. 915, 916 (1978) (Land Court action was impermissible collateral attack on Probate Court judgment, even if Probate Court had no authority to order the conveyance at issue); Kozdras v. Land/Vest Properties, Inc., 302 Mass. 34, 35, n. 3 (1980).

the parties and their counsel (not Pareles, who was not involved then) and Judgment of Paternity, between Leah Barrows and Tariq Butt. That Stipulation and Judgment are attached as Exh. "C."

5.   Any reasonable, right-minded, conscientious attorney who performed any pre-suit research would have known that a party cannot sue in a state (Massachusetts) that no longer has personal jurisdiction over the parties. At that time, both parties were residing out of state -- Barrows in Rhode Island and Butt in New York. Nor could an attorney reasonably conclude he could collaterally attack a Probate and Family Court Judgment in Superior Court.

6.   The Middlesex Superior Court did not dismiss the Barrows v. Butt Superior Court case for lack of jurisdiction, as Pareles wrongfully says in his Motion to Re-Open (¶ 2) and undated Supporting Affidavit (¶ 2). The Middlesex Superior Court's September 15, 2008 Judgment of Dismissal (attached as Exh. "D") dismissed the Barrows v. Butt case for Pareles' failure to comply with the August 7, 2008 Order (attached as Exh. "E") that Pareles pay the June 26, 2008 $9,000 sanctions order (attached as Exh. "A") by the Court-set August 26, 2008 deadline, Exh. "E."

7.   The Middlesex Superior Court entered the $9,000 sanctions order on June 26, 2008, and entered a further order of on August 7, 2008, ordering the $9,000 payment by August 26, 2008, giving Pareles two months to comply and come up with the $9,000.

8.   Pareles did not pay same, and did not notify the Middlesex Superior Court of his bankruptcy as a potential bar or delay to payment of the post-petition claim, had that claim been timely scheduled.

9.   The Middlesex Superior Court has not yet awarded Attorney Goldsmith the balance of his fees, as prayed for in Goldsmith's October 2, 2008 served, October 20, 2008 filed Motion for G.L. c. 231, § 6F attorney fees in the amount of $42,600.

10.   Attorney/Debtor Pareles knew about the June 26, 2008 $9,000 sanctions award/order in late June 2008, as Pareles noticed an appeal from said order by Notices of Appeal dated July 1, 2008 (attached as Exh. "F"). Pareles then unsuccessfully sought interlocutory review of those orders in the Massachusetts Appeals Court, Barrows v. Butt, Petition No. 2008-J-0338 on July 30, 2008, Exh. "G." Page 1 of Pareles' abusive Memorandum is attached as Exh. "H." All relief was denied on September 25, 2008, attached as Exh. "I." The Massachusetts Appeals Court docket sheet in Barrows v. Butt, No. 08-J-0338, is attached as Exh. "J."

11.   On October 20, 2008, a contempt complaint against Pareles was filed in the Middlesex Superior Court and sent to Pareles, attached as Exh. "K." On November 6, 2008, at a noticed and scheduled hearing held in the Worcester Superior Court building before the Honorable Leila R. Kern, Attorney Pareles failed to appear, but called in, and the Court issued both an oral order and a written order for Richard M. Pareles to appear

8

for a rescheduled November 18, 2008 hearing, attached as
Exh. "I."

12.   No Suggestion of Bankruptcy had or has been filed in
the Middlesex Superior Court action.   A copy of the Barrows v.
Butt Superior Court docket sheet is attached as Exh. "M."  Nor
was a Suggestion of Bankruptcy filed with the Massachusetts
Appeals Court, see Exh. "J."  Pareles alluded to a bankruptcy in
the Middlesex Superior Court November 6, 2008 telephone
conference, without specifying same, and never filed any
Suggestion in the Middlesex case, prior to the rescheduled
November 18, 2008 hearing.  When, on November 18, 2008, Judge
Kern inquired of Pareles why he did not file a Suggestion of
Bankruptcy in the Middlesex Superior Court case, Pareles had no
answer, other than he did not know to do so.  But Pareles had
Bankruptcy counsel, William Logan, who certainly could have
advised Pareles to file a Suggestion of Bankruptcy in ongoing
State Court proceedings, assuming Pareles even informed his
bankruptcy attorney of the Middlesex Superior Court case or
Pareles' liability for fees.  Attorney Pareles can bang out
pleadings in the Probate, Superior and Appeals Courts, and filed
his own pro se Motion to Re-Open in the U.S. Bankruptcy Court,
but he does not know about filing a one sentence "Suggestion of
Bankruptcy" in the State Courts.  That is not credible.  He
cannot hide behind an unnotified bankruptcy to discharge a post-
petition, June 26, 2008 debt incurred after his June 9, 2008
bankruptcy filing.

13.  There is no reason why Pareles could not have added any creditors _before_ the November 13, 2008 case closing date.  He knew about the earlier entered Orders.  He sought to overturn them in state court.  He is not entitled to a belated addition of creditors' claims for the reasons set forth in _his_ Emergency Motion.  In any event, the post-petition claim arose _after_ the June 9, 2008 date of Pareles' bankruptcy filing.

14.  The multiple listing of the identical $50,000 in Pareles' Schedule F, attached to his Motion to Re-Open, with a $150,000 subtotal, would not appear to be correct, as only one award, when awarded, would apply.  Attorney Goldsmith and Tariq Butt would not both be entitled to $50,000.  The basis for Leah Barrows' claim of $50,000 is unstated, and not clear.  Is Pareles saying _he_ owes his own client, Leah Barrows, $50,000 too?

15.  A party in violation of an unstayed court order is not entitled to favorable Court action until such time as he brings himself into compliance[4] -- until he purges himself of the contempt.  Not only is Attorney Pareles in violation of and

---

[4] _Sommer v. Monga_, 35 Mass. App. Ct. 761, 763-764 (1994) (party who flouts court orders and does not purge himself of contempt not entitled to pursue an appeal; contempt justifies disentitlement to appeal); _Sommer v. Maharaj; Vanguard Fiduciary Trust Company_, 451 Mass. 615 (2008) (party who flouts orders to circumvent enforcement of a judgment forfeits right to contest receiver's actions seizing and distributing IRA funds); _Yousif v. Yousif_, 62 Mass. App. Ct. 686 (2004) (expressed willingness to dismiss the appeal of a husband found in contempt of orders); _Trupiano v. Trupiano_, 13 Mass. App. Ct. 1010, 1011 (1981) (a father who disobeyed a temporary Court order awarding the wife temporary custody of their minor daughter "will not be heard on appeal from that order"); _Henderson v. Henderson_, 329 Mass. 257 (1952) (a person who flouts a court order cannot have his appeal heard).

contempt of the June 26, 2008 Middlesex Superior Court Order,
Exh. "A," as supplemented by the August 7, 2008 Order, Exh. "E,"
Attorney Pareles never complied with or paid the May 10, 2007
Middlesex Probate & Family Court Order awarding $178 in expenses
against Pareles, Exh. "N."

16.   Attorney/Debtor Pareles is an attorney for whom Court
orders mean nothing.   Pareles has exhibited a defiant, if not
scornful, attitude toward courts that rule against him.

17.   Three Courts and Judges -- the Middlesex Probate &
Family Court (Keamy, J.), the Middlesex Superior Court (Kern,
J.), and the Appeals Court (Fecteau, J.) -- have decided and
ruled that Richard M. Pareles pay expenses and/or fees.   Pareles
has yet to do so.   He is not entitled to federal relief.

18.   Attorney/Debtor Pareles is not entitled to
reinstatement of the automatic stay for a June 26, 2008 post-
petition claim arising after his June 9, 2008 commencement of his
bankruptcy.   The November 18, 2008 Emergency Granted Order
Reinstating the Automatic Stay entered by Judge Boroff should be
vacated or declared not in effect and no longer in effect, as
11 U.S.C. § 362(a)(1) only stays action to recover a claim
arising before commencement of the case.   The June 26, 2008
Sanctions Order should be declared a nondischargeable post-
petition claim.   Allowing Pareles to be discharged from this
State Court Sanctions Order would reward frivolous litigation
conduct deemed sanctionable by a Middlesex Superior Court Judge
and not overturned by the Massachusetts Appeals Court.   This U.S.

Bankruptcy Court should not allow Attorney Pareles to get away with such nondischargeable conduct.

19.  Attorney Goldsmith further requests this Court to award reasonable attorney fees for having to present this motion for relief, based upon the falsity of Attorney Pareles' statements in his Motion to Re-Open and Pareles' belated attempt to reopen a closed bankruptcy on the eve of a contempt hearing in the Middlesex Superior Court, and to reimburse Attorney Goldsmith for the $150 filing fee in connection with this Motion For Relief.

## REQUEST FOR HEARING

This Motion For Relief is a Rule 9014 contested matter and a hearing is requested before Judge Joan Feeney, the Judge assigned to this case, as soon as her schedule permits, as there is a pending Middlesex Superior Court contempt action against the Debtor/Attorney Pareles on a post-petition filed claim.

## PROPOSED ORDER

A proposed order is appended to this Motion, Local Rule 4001-1(a).

## VERIFICATION

I, Arthur H. Goldsmith, hereby certify and verify that the statements contained in this Motion are true and accurate, as are the copies of the Court papers and orders as attachments, based upon my personal knowledge and information.

Signed under the penalties of perjury this November 21, 2008.

ARTHUR H. GOLDSMITH

Arthur H. Goldsmith
BMA #10169
BBO #199720
29 Forest Avenue
West Newton, MA  02465-2503
617-527-2640; Fax 244-1670
November 21, 2008                arthurgoldsmith@earthlink.net

## CERTIFICATE OF SERVICE

I, Arthur H. Goldsmith, hereby certify that, on November 21, 2008, I served, by First Class Mail, the within Verified Motion For Relief From Reinstated November 18, 2008 Automatic Stay, and to Declare the November 18, 2008 Order Not in and No Longer in Effect, and to Declare Post-Petition State Court Sanctions Order Against Debtor Not Dischargeable or Subject to a Reinstated Stay, and Attachments to Goldsmith's Motion, upon:

1)    Clerk
      U.S. Bankruptcy Court
      1101 Thomas P. O'Neill Federal Bldg.
      10 Causeway Street
      Boston, MA  02222

2)    Richard M. Pareles, Pro Se
      P.O. Box 942
      Watertown, MA  02471

3)    William J. Logan, Esq.
      5 Mary Street
      Arlington, MA  02474
      Counsel to Debtor

4)    Trustee, John Aquino
      Anderson Aquino LLP
      240 Lewis Wharf
      Boston, MA  02110

Arthur H. Goldsmith

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Chapter 7
Bankruptcy No. 08-14192

|  |  |
|---|---|
| IN RE:<br>RICHARD MARTIN PARELES,<br>          Debtor | ORDER GRANTING RELIEF FROM<br>STAY AND DECLARATION THAT THE<br>NOVEMBER 18, 2008 ORDER DID<br>NOT REINSTATE THE AUTOMATIC<br>STAY WITH RESPECT TO THE<br>POST-PETITION JUNE 26, 2008<br>STATE COURT SANCTIONS ORDER<br>AND DECLARATION THAT THE<br>JUNE 26, 2008 SANCTIONS ORDER<br>IS NOT DISCHARGEABLE IN THIS<br>JUNE 9, 2008 COMMENCED<br>BANKRUPTCY |

After a December    , 2008 hearing, review of the moving
papers, attachments, opposition papers, and arguments of the
parties, it is hereby ordered, adjudged and declared that Arthur
Goldsmith's Motion For Relief from the November 18, 2008 Order
reinstating the automatic stay is granted; that the November 18,
2008 Order did not reinstate the automatic stay, as the claim
related to a June 26, 2008 issued State Court Sanctions Order
that entered after the Debtor commenced his June 9, 2008
bankruptcy petition; that the Debtor did not schedule this claim
on his June 9, 2008 Petition and Schedules or during his open
bankruptcy; that the automatic stay allowed by 11 U.S.C.
§ 362(a)(1) only applies to a claim against the Debtor that arose
before commencement of the case; and that the June 26, 2008
Sanctions Order did not arise before the June 9, 2008
commencement date and is not dischargeable in this bankruptcy.

1

The Court decides not to reopen this November 13, 2008 closed bankruptcy, as there is no offered excusable reason to reopen said bankruptcy and that the Debtor's failure to schedule or list Goldsmith's claim in his bankruptcy is a waiver of any protection and not entitled to post-closure reopening.

So ordered and declared, this ___ day of December, 2008.


_____
Joan Feeney, Judge
U.S. Bankruptcy Court


So Noted:



_____
Courtroom Deputy

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Chapter 7
Bankruptcy No. 08-14192

)
)
)
IN RE:                        )    TRUE COPIES OF COURT PAPERS
RICHARD MARTIN PARELES,       )    FILED AS ATTACHMENTS TO
        Debtor                )    CREDITOR GOLDSMITH'S VERIFIED
                              )    MOTION FOR RELIEF FROM
                              )    REINSTATED AUTOMATIC STAY
                              )
                              )

<u>Exh</u>.

A.    June 26, 2008 Sanctions Order in <u>Barrows v. Butt</u>, Middlesex
      Superior Court, C.A. No. 08-CV-0246

B.    June 19, 2008 Order that Pareles pay fees

C.    November 23, 2005 Stipulation And Judgment In <u>Barrows V.
      Butt</u>, Middlesex Probate & Family Court, No. 03W-734

D.    September 15, 2008 Judgment Of Dismissal in Middlesex
      Superior Court case, No. 08-CV-0246

E.    August 7, 2008 Order

F.    July 1, 2008 Notices of Appeal filed by Pareles

G.    Interlocutory Petition, No. 08-J-0338

H.    Pareles' Memorandum in Support, p. 1

I.    September 25, 2008 Order Denying All Relief by Appeals Court

J.    Appeals Court docket sheets in No. 08-J-0338

K.    October 20, 2008 Contempt against Pareles

L.    November 6, 2008 Notice of November 18, 2008 Hearing

M.    Middlesex Superior Court docket sheets in <u>Barrows v. Butt</u>,
      No. 08-0246

N.    May 10, 2007 Middlesex Probate & Family Court Order,
      No. 03W-734

ARTHUR H. GOLDSMITH

Arthur H. Goldsmith
BMA #10169
BBO #199720
29 Forest Avenue
West Newton, MA  02465-2503
617-527-2640; Fax 244-1670
arthurgoldsmith@earthlink.net

November 21, 2008

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT
                                        C.A. NO. 08-CV-0246

_____
LEAH BARROWS,                    )
                Plaintiff,       )      ORDER AWARDING FEES AND
v.                               )      SANCTIONS AGAINST ATTORNEY
TARIQ BUTT,                      )      RICHARD M. PARELES
                Defendant        )
_____

This matter -- the Plaintiff's Motion to Compel and the Defendant's Opposition and Cross-Motion For Sanctions, Fees and to Enjoin -- came on for hearing on June 19, 2008.

The Clerk waited forty minutes to give more time for Attorney Richard M. Pareles to appear.  Richard M. Pareles did not appear.  Tariq Butt's counsel, Arthur H. Goldsmith, did appear, and was heard.

The Clerk's Office sent Notice of the June 19, 2008 hearing to Attorney Richard M. Pareles on May 16, 2008.

Attorney Goldsmith sent an original and a copy of the Defendant's Cross-Motion For Sanctions and Fees to Attorney Pareles on April 25, 2008.

Attorney Pareles did not submit his drafted Motion to Compel to the Court, along with the original Opposition/Cross-Motion, as is required under Superior Court Rule 9A.  Attorney Goldsmith submitted both to the Court with his May 9, 2008 Superior Court Rule 9A Certificate.  Attorney Pareles had this additional, May 9, 2008 notice that he (Pareles) was the target of a sanctions and fee motion.

1

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

Civil Docket **MICV2008-00246**

RE:    Barrows v Butt

TO:    Arthur H Goldsmith, Esquire
29 Forest Avenue
W Newton, MA 02465-2503

─────────

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/23/2008**:

*RE: Plaintiff Leah Barrows's MOTION to Compel Responses to
Discovery by Defendant, Tariq Butt; Defendant opposition to
plff's motion and Cross-Motion for Sanctions, further Fees and to
enjoin attorney Pareles from serving any more motions in this
case; Defendant, Tariq Butt's Rule 9A Certificate*

**is as follows:**

**Motion (P#4) DENIED furthermore plff's counsel is required to pay to deft's
counsel a reasonable amount for deft's counsel's fees and costs incurred in
responding to this frivilous motion (Leila R. Kern, Justice) dated 06/19/08, entered
on docket and notices mailed 06/23/08**

Dated at Woburn, Massachusetts this 23rd day of June,
2008.

Michael A. Sullivan,
Clerk of the Courts

BY:

Arthur DeGuglielmo
Assistant Clerk

Telephone: 781-939-2757

Copies mailed 06/23/2008

---

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the
Superior Court at (617) 788-8130** -- cvdresult_2.wpd 3226809 motden gilmanr

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          PROBATE & FAMILY COURT
                                        NO. 03W-0734

LEAH BARROWS,                    )
                    Plaintiff,   )      STIPULATION ~~OF~~ FOR JUDGMENT
                                 )      under G.L.c. 209C, §10, 11.
v.                               )
TARIQ BUTT,                      )
                    Defendant    )

1) ~~0.~~  Tariq Butt and Leah Barrows are awarded joint and
shared legal custody of Maryam Iisha Barrows, born
December 17, 2002. Both are Maryam Fisha's acknowledged parents.

2) ~~0.~~  Leah Barrows is awarded primary physical custody of
Maryam Iisha Barrows.

3) ~~0.~~  Tariq Butt is granted ~~liberal, flexible~~ visitation
with Maryam Iisha, outside the presence of Leah; for ~~three~~
hours on Tuesdays, ~~and at other convenient times upon~~ from ~~12 Noon~~ ~~3:00 P.M.~~ 3pm to 6pm. The can must have a properly
installed car seat for child to go on the
~~reasonable notice, including overnight visitation.~~ out of town visit.

Tariq may be allowed to pick
Maryam Iisha up fifteen minutes (15) before
or after the ~~3 PM~~ start time, without
being considered late. These visitation
If father is late once he shall ~~forgo~~ forego visits for the next ~~three months~~ one minute.
times and dates may be increased
after three months, subject to
accomodating each party's schedules.  (1)

Tariq

If the ~~father~~ fails to call within twenty four hours, and notify Leah about cancelling a visit, Tariq shall forfeit the next four weeks of visitation. However, if Tariq calls and notifis Leah within the twenty four hours, and explains the (legitumatte reason, ~~such as an emergency~~ for not being able to timely make the particular visit, Tariq shall not forfeit visitation. If, after four and unexplained missed / visits within the year, the parties shall return to Court for review of the visitation provision. Motion. This provision is designed to as an incentive to encourage regular visitation and not as a penalty. Leah is allowed the same right of explained cancellation with above

There shall be no forfeiture of visitation of missed visitation after one year, on 11/22/06.

4/₹₹. The parties shall communicate and collaborate and share their thoughts on Maryam Iisha's health, education, religious training and upbringing over the next two years, and shall work toward a plan for Mayam Iisha's religious education.

Each party may take Maryam Isha to the religious institution, Temple or mosque of their own choosing, and may offer their religious beliefs and practices to Maryam Isha. Father conduct this on his visitation times.

5/₹₹. Tariq Butt shall pay in advance, $125 per week in child support for Maryam Iisha on a monthly basis of $542 per month on the first day of each month, by direct deposit to Leah Burron's Bank account, so long as the day is a open bank day.

6) Tariq B.tt shall pay retroactive child support in the amount of $3,500; in five ~~~~ hundred ($500) dollar payments

fr the next seven(7) months, starting December 1, 2005. On December 1, 2005, Butt shall pay $1,054 - $542 for child support and $500 in retroactive payments, and then fr the next six months thereafter. On July 1, 2006, Tariq Butt's obligations reverts to $542 per month.

67. There shall be no order to pay health insurance, as
Leah Barrows is on S.S.D.I. and MassHealth. Parties shall split 50/50
all uninsured expenses. Mother shall mail Butts ex __ 3 months & father shall pay w/I once p/month.

68. There shall be no further financial orders, at this
time, and no establishment of life insurance, ~~and no attorney~~
~~fees order; plaintiff's motion for~~
~~attorney fees is denied with prejudice.~~

The parties have read, understand and agree to the Terms of this Stipulated Judgment to resolve the trial that started this November 23, 2005

So Stipulated This November 23, 2005

_Leah Barrows_

_Tariq Butt_

LEAH BARROWS
By her attorney

_Adam Krefowicz_

November 23, 2005

TARIQ BUTT,
By his attorney,

_Arthur H. Goldsmith_
Arthur H. Goldsmith
BBO #199720
29 Forest Avenue
West Newton, MA  02465-2503
617-527-2640; Fax 244-1670

Parties shall file a typed version
of this Stipulated Judgment
within thirty days; otherwise
this Agreement stands.

## Commonwealth of Massachusetts
## The Trial Court
## Probate and Family Court Department

**Middlesex Division**                                        **Docket No. 03W0734-PA**

### JUDGMENT OF PATERNITY
### on Complaint to Establish Paternity
### Filed May 21, 2003

### LEAH BARROWS, Plaintiff

### v.

### TARIQ BUTT, Defendant

All persons having been notified in accordance with law and after hearing, it is ordered and adjudged:

The parties shall comply with the terms of a Stipulation dated November 23, 2005 which is filed, incorporated and merged in this Judgment.

The Court finds that said Stipulation is fair and reasonable for the parties in the circumstances of this case.


Date:  November 23, 2005          _____
                                           Edward J. Rockett
                                Justice of the Probate and Family Court

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court



CIVIL DOCKET# **MICV2008-00246**

Barrows
vs.
Butt

## JUDGMENT OF DISMISSAL
## FAILURE TO COMPLY WITH ORDER

This action came on before the Court, Leila R. Kern, Justice, presiding, and the plaintiff  Leah Barrows having failed to comply with the Order dated   August 7, 2008

It is **ORDERED and ADJUDGED:**

That the Complaint is hereby dismissed without prejudice.

Judgment of Dismissal to be vacated only by the Regional Administrative Judge or his/her designee.

Dated at Woburn, Massachusetts this 15th day of September, 2008.

Michael A. Sullivan,
Clerk of the Courts

By: _____
Assistant Clerk

Copies mailed 09/15/2008

08/08/08   FRI 14:53 FAX 9786878260   LAWRENCE SUP   ☒002
08-08-'08 13:21  FROM-Judicial 4th fl        7319390954        T-214  P002/002 F-333

14

Exh. "E"

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 3 0 2008

CLERK

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                SUPERIOR COURT
                                              C.A. NO. 08-CV-0246

LEAH BARROWS,                      )    DEFENDANT TARIQ BUTT'S MOTION
                  Plaintiff,       )    TO STRIKE THE PLAINTIFF'S
                                   )    FIVE NOTICES OF APPEAL DATED
v.                                 )    JULY 1, 2008 AND DOCKETED
                                   )    JULY 8, 2008, AND TO SET A
                                   )    SPECIFIC TIME FOR PAYMENT OF
TARIQ BUTT,                        )    THE JUNE 30, 2008
                  Defendant        )    "UNAPPEALBLE" UNTIL FINAL
                                   )    JUDGMENT $9,000 SANCTIONS
                                        ORDER

        Tariq Butt, the Defendant herein, moves this Honorable

Court, pursuant to M. R. Civ. P. 5(a) and 12(f), and M.R.A.P. 3,

to strike the Plaintiff's five Notices of Appeal hand-dated

7/1/2008, purporting to appeal the Court's 6/9/08 order denying

the Plaintiff's Motion to Transfer (Paper #9), the 6/10/08 order

striking Attorney Pareles' Affidavit (Paper #10), the 6/23/08

order enjoining Attorney Pareles from entering further motions

(Paper #11), the 6/23/08 order allowing the Defendant's Motion

for Attorney Fees (Paper #12), and the 6/30/08 order assessing

$9,000 in attorney fees against Attorney Pareles (Paper #13), for

the following grounds, reasons and authorities:

        1.    Attorney Pareles failed to serve these Notices of

Appeal upon counsel for Defendant Butt, as required by M. R. Civ.

P. 5(a) ("every pleading...paper...motion and written

notice...shall be served upon each of the parties").

        2.    Attorney Pareles did not serve or mail Attorney

Goldsmith copies of the Appeal Notices, as if Pareles sought to

mask or hide this from Attorney Goldsmith.  Had it not been for

1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT
                                                   DOCKET NO. MICV 08-246

JUL 03 2008

CLERK

LEAH BARROWS,                                      PLAINTIFF'S NOTICE OF
        Plaintiff.                                 APPEAL OF DENIAL OF
                                                   MOTION TO TRANSFER
                                                   PURSUANT TO MASS. R.
TARIQ BUTT                                         APP. PROC. RULE 3
        Defendant.

        Now come the Plaintiffs in the above entitled matter and gives notice of the Plaintiff's
intention to appeal the denial of the Plaintiff's motion to transfer, entered by Kern J., in the above
matter on, 6/9/08.

        Wherefore the Plaintiff moves that this Honorable Court enter this notice into the docket
pursuant to M.R.A.P., 3, as well as any other relief this Court deems just and equitable.


DATED: ____7/1____, 2008               Respectfully submitted,
                                       THE PLAINTIFF,
                                       LEAH BARROWS
                                       By her Attorney
                                       RICHARD PARELES,


                                       Richard M. Pareles
                                       P.O. Box 942
                                       Watertown, MA 02471
                                       (617) 393-3716
                                       BBO# 551404

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT
                                                   DOCKET NO. MICV 08-246

LEAH BARROWS,
        Plaintiff,                                 PLAINTIFF'S NOTICE OF
                                                   APPEAL OF MOTION TO
                                                   STRIKE, PURSUANT TO
TARIQ BUTT                                         MASS. R. APP. PROC. RULE 3
        Defendant.


        Now come the Plaintiffs in the above entitled matter and gives notice of the Plaintiff's
intention to appeal the allowance of the Defendant's cross motion to strike the affidavit of
Attorney Pareles, entered by Kern  J., in the above matter on 6/10/08.

        Wherefore the Plaintiff moves that this Honorable Court enter this notice into the docket
pursuant to M.R.A.P., 3, as well as any other relief this Court deems just and equitable.


DATED: 7 / 1      , 2008              Respectfully submitted,
                                      THE PLAINTIFF,
                                      LEAH BARROWS
                                      By her Attorney
                                      RICHARD PARELES,


                                      Richard M. Pareles
                                      P.O. Box 942
                                      Watertown, MA 02471
                                      (617) 393-3716
                                      BBO# 551404

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 DOCKET NO. MICV 08-246

LEAH BARROWS,                                    PLAINTIFF'S NOTICE OF
          Plaintiff,                             APPEAL OF ALLOWANCE OF
                                                 MOTION TO ENJOIN
                                                 PURSUANT TO MASS. R.
TARIQ BUTT                                       APP. PROC. RULE 3
          Defendant.


      Now come the Plaintiffs in the above entitled matter and gives notice of the Plaintiff's
intention to appeal the allowance of the Defendant's motion to enjoin Attorney Pareles from
entering any further motions, entered by Kern J., in the above matter on, 6/23/08.

      Wherefore the Plaintiff moves that this Honorable Court enter this notice into the docket
pursuant to M.R.A.P., 3, as well as any other relief this Court deems just and equitable.


DATED: _____7/1____, 2008                 Respectfully submitted,
                                          THE PLAINTIFF,
                                          LEAH BARROWS
                                          By her Attorney
                                          RICHARD PARELES,


                                          Richard M. Pareles
                                          P.O. Box 942
                                          Watertown, MA 02471
                                          (617) 393-3716
                                          BBO# 551404

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 DOCKET NO. MICV 08-246

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JUL 03 2008

LEAH BARROWS,                                    PLAINTIFF'S NOTICE OF
            Plaintiff,                           APPEAL OF ALLOWANCE OF
                                                 ATTORNEYS FEES PURSUANT TO
TARIQ BUTT                                       MASS. R. APP. PROC. RULE 3
            Defendant.

Now come the Plaintiffs in the above entitled matter and gives notice of the Plaintiff's intention to appeal the allowance of the Defendant's motion for attorney's fees, entered by Kern J., in the above matter on, 6/23/08.

Wherefore the Plaintiff moves that this Honorable Court enter this notice into the docket pursuant to M.R.A.P., 3, as well as any other relief this Court deems just and equitable.

DATED: _7/1_, 2008                    Respectfully submitted,
                                      THE PLAINTIFFS,
                                      LEAH BARROWS
                                      By her Attorney
                                      RICHARD PARELES,


                                      Richard M. Pareles
                                      P.O. Box 942
                                      Watertown, MA 02471
                                      (617) 393-3716
                                      BBO# 551404

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DOCKET NO. MICV 08-0246

LEAH BARROWS,
      Plaintiff,

TARIQ BUTT
      Defendant.

PLAINTIFF'S NOTICE OF
APPEAL OF THE ASSESSMENT OF
$9,000 IN ATTORNEYS FEES
PURSUANT TO MASS.
R. APP. PROC. RULE 3

Now come the Plaintiffs in the above entitled matter and gives notice of the Plaintiff's intention to appeal the assessment of $9,000 in attorney fees, assessed against Attorney Pareles, entered by Kern J., in the above matter on, 6/30/08.

Wherefore the Plaintiff moves that this Honorable Court enter this notice into the docket pursuant to M.R.A.P., 3, as well as any other relief this Court deems just and equitable.

DATED: ___7/1___, 2008

Respectfully submitted,
THE PLAINTIFFS,
LEAH BARROWS
By her Attorney
RICHARD PARELES,

Richard M. Pareles
P.O. Box 942
Watertown, MA 02471
(617) 393-3716
BBO# 551404

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    APPEALS COURT
                                               DOCKET NO.   08-J-0338

_____
                                   |
LEAH BARROWS,                      |           PLAINTIFF'S PETITION TO DISALLOW
         Plaintiff,                |           THE RULINGS OF JUDGE KERN
                                   |           PURSUANT TO M.G.L. c. 231 § 118
                                   |
TARIQ BUTT                         |
         Defendant.                |
_____     |

## I. REQUEST FOR INTERLOCUTORY REVIEW

Now comes the Plaintiff and petitions this Honorable Court to conduct an interlocutory review of  Leah Barrows v. Tariq Butt, MICV 08-CV-0246, and requests that this Court disallow the series of rulings made by f Kern, J. in this case, pursuant to M.G.L. c. 231 § 118. Those rulings culminated in the award of $9,000.00 in legal fees to the Defendant's Counsel, on 6/30/08. The award of fees was based on the previous judgments.

This series of rulings can be seen as a single ruling by Judge Kern, since, together they amount to an inappropriate determination that there was no basis for the Plaintiff's case. Nothing could be further form the truth, both on the facts of his case, and on the law.

The award of $9,000.00 would effectively bring the case to an end, break me financially, allow a real tortfeasor to walk away from flagrant violation of the law, and leave the Plaintiff in poverty.

Plaintiff's Counsel is challenging both the rulings, and the Court's ability to entertain the decisions that were made.   None of the matters that were the basis for the six judgments including the award of attorney's fees were properly before this judge.

Those decisions were properly before Justice Smith. The Defendant's argued all the dismissal issues in his opposition to the Plaintiff's Motion to Attach Property, and these issues were heard before Judge Smith on 3/19/08.  That motion has been taken under advisement, and as of this writing no decision has been made.  The issues regarding jurisdiction are not subject to review with each subsequent motion.

The Plaintiff is seeking review of  Judge Kerns' denial of the Plaintiff's Motion to Transfer from Superior Court to Probate Court on 6/09/08, the allowance of the Defendants Opposition/Motion to Strike Affidavit on 6/10/08, the allowance of the Defendant's motion to enjoin Attorney Pareles from entering any further motions, on 6/23/08, the allowance of the Defendant's Motion for

Attorney's fee on 6/23/08, and the award of $9,000.00 in attorney's fees to the Defendant on 6/30/08.

## II. STATEMENT OF ISSUES OF LAW

Whether Judge Kern abused his discretion in all of the above finding.

Whether the Plaintiff was ever properly served with the Defendant's opposition and motion to strike, when the versions the Plaintiff received omitted the numerous exhibits.

Whether any of these ruling can stand in light of that lack of compliance with the rules of civil procedure, and Superior Court Rule 9A.

Whether Attorney Goldsmith committed Perjury in his affidavit of compliance with Superior Court Rule 9A.

Whether Judge Kern abused his discretion in allowing the Defendant's Motion to Strike, on 6/10/08.

Whether the Plaintiff is required to write an answer to matters submitted to the court in an opposition.

Whether Judge Kern abused his discretion in barring Plaintiff's Counsel from filing and further motions, on 6/23/08.

Whether any of the issues ruled on were ever properly before Judge Kern, in light of the Defendant's assertion of the same issues in an Opposition/Motion to Dismiss which is currently under advisement before Judge Smith.

Whether Plaintiff's Counsel should be penalized for failing to appear at the hearing on 6/19/08, in light of Counsel's reason for failing to appear.

Whether Plaintiff's Counsel should be barred from asserting his defenses for failing to appear at the hearing on 6/19/08, in light of Counsel's reason for failing to appear.

Whether Judge Keamy, in Probate Court, abused her discretion when she ruled that the Middlesex Probate Court had no jurisdiction, in a Paternity case which had been in the Court for years..

Whether the Plaintiff's Complaint filing of this matter is Superior Court is in compliance with the law.

## III. SPECIFIC RELIEF REQUESTED

Wherefore:

The Plaintiff moves that this Honorable Court strike down the entire award of Attorneys Fees to Attorney Goldsmith.

The Plaintiff moves that this Honorable Court strike down all of the above rulings by Judge Kern.

The Plaintiff moves that this Honorable Court determine that the Defendant's Opposition to the Plaintiff's Motion to Transfer fails for lack of service.

The Plaintiff moves that this Honorable Court rule that Superior Court has jurisdiction over this case.

The Plaintiff moves that this Honorable Court rule that Attorney Goldsmith's claim that Tariq Butt did not own the Rug Store constitutes a fraud on the Court.

The Plaintiff moves that this Honorable Court rule that all of the Plaintiff's claims are properly filed in Superior Court, as well as any relief this Court deems just and equitable.

Because this appeal was made necessary by Attorney Goldsmith's fraud on the Superior Court, the Plaintiff moves that this Honorable Court award me legal fees in the amount of $3,395.00, as well as any relief this Court deems just and equitable. I certify that these were reasonably necessary attorney's fees. I have been in practice for 20 years, and am billing at $300.00 and hour for 679 minutes.

## IV ORDERS OF JUDGE KERN

The orders of Judge Kern will be submitted shortly.

Respectfully submitted,
THE PLAINTIFF,
Leah Barrows,
By her attorney,
RICHARD PARELES

DATED: _7/30_, 2008

Richard M. Pareles
P.O. Box 942
Watertown, MA 02472
(617) 393-3716
BBO# 551404

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

APPEALS COURT
DOCKET NO. 08-J-0338

|  |  |  |
|---|---|---|
| LEAH BARROWS, | | MEMORANDUM OF LAW IN SUPPORT |
| Plaintiff, | | PLAINTIFF'S PETITION TO DISALLOW |
| | | THE RULINGS OF JUDGE KERN |
| TARIQ BUTT | | PURSUANT TO M.G.L. c. 231 § 118 |
| Defendant. | | |

## I. FACTS

The $9,000.00 award of attorney's fees, by Judge Kern, has been justified by the allowance of two opposition motions of the Defendant, Defendant Tariq Butts; Defendant Tariq Butt's Opposition to the Plaintiff's Motion to Compel, Cross Motion for Sanction, and to Enjoin Attorney Pareles From Serving Any More Motions in this Case, and Defendant Tariq Butt's Opposition to the Plaintiff's Motion to Tranfer, and Cross Motion to Strike Attorney Pareles' Scandalous and Perjurious Affidavit, and for Further Sanctions and Fees Against Attorney Richard M. Pareles.

.    Attorney Goldsmith is relentlessly vicious and his pleadings abound win insults such as "Attorney Pareles should be sanctioned [or prosecuted] for perjury, ignorance, or incompetence." It is like trying to litigate with someone spitting in your face. At a negotiation in Middlesex Probate Court, when I refused to agree to his stipulation, he swore at me, right in front of the probation officer. He has demanded attorney fees in virtually every pleading

Leah Barrows, a single mother on SSI disability, brought a Paternity action in Probate Court, to get child support from the father of her child. When Mr. Butt learned of Ms. Barrow's pregnancy, he called her on mother's day to try to get her to have an abortion. He offered to marry her on the condition that she get an abortion, and when she refused, he withdrew the offer.

Mr. Butt is a misogynist, he picked a trusting vulnerable woman to use, and this case resounds in tort far more than family law. Mr. Goldsmith is a misogynist attorney, his "father's rights" rhetoric covers a thinly veiled hatred of women. He does not just litigate against women, he hurts them.

Tariq Butt showed no interest in mother and child until they made a claim for child support. Attorney Goldsmith turned the attempt to get child support into a custody battle, putting this devoted single in fear of losing her child.

## COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT CLERK'S OFFICE
John Adams Courthouse
One Pemberton Square, Suite 1200
BOSTON, MASSACHUSETTS 02108-1705
(617) 725-8106

September 25, 2008

Arthur H. Goldsmith, Esquire
29 Forest Avenue
West Newton, MA 02465-2503

RE:    No. 2008-J-0338

**LEAH BARROWS**
**vs.**
**TARIQ BUTT**

NOTICE OF DOCKET ENTRY

Please take note that, with respect to the PETITION purs to
GLc 231, s. 118 w/attach, filed by Leah Barrows. (Paper #2),

on September 25, 2008, the following order was entered on the
docket of the above-referenced case:

RE#2 REVISED ACTION: All requested relief is denied. (Fecteau,
J.) *Notice/Attest/Kern, J..

Very truly yours,

The Clerk's Office

Dated: September 25, 2008

To:  Richard M. Pareles, Esquire
     Arthur H. Goldsmith, Esquire
     Middlesex Superior Court

11/17/08                   COMMONWEALTH OF MASSACHUSETTS                   Page 1
                            APPEALS COURT SINGLE JUSTICE

                                  2008-J-0338

                          LEAH BARROWS vs. TARIQ BUTT

```
ENTRY DATE 07/30/08        CASE STATUS Disposed: Case Closed
STATUS DATE 09/25/08       CASE NATURE GLc 231, s 118, p 1
PETITIONER Plaintiff       SUB NATURE
   JUSTICE FE              CASE TYPE Civil
TRIAL JUDGE Kern L.R.         TRIAL CT Middlesex Superior Court
TC ENTRY DATE           TC DOCKET NO MICV2008-0246     PUBLIC y
```

Leah Barrows                      Richard M. Pareles, Esquire
Plaintiff/Petitioner              P.O. Box 942
25 Main Street                    Watertown MA 02471-1266
Apt 6                             Phone: 617-393-3716
Somerville MA                     551404 Active 07/30/08 Notify
Active 07/30/08


Tariq Butt                        Arthur H. Goldsmith, Esquire
Defendant/Respondent              29 Forest Avenue
Active 07/30/08                   West Newton MA 02465-2503
                                  Phone: 617-527-2640
                                  Fax: 617-244-1670
                                  199720 Active 07/30/08 Notify


Middlesex Superior Court
(Lower court: Civil or General)
Clerk for Civil Business
200 Trade Center
Woburn MA 01801
Phone: 781-939-2700 FAX: 781-939-0872
Active 07/30/08


                        * * *  D O C K E T  * * *
-----------------------------------------------------------------------------
PAPER DATE       ENTRY
------ ------    -------------------------------------------------------------

  3.0 08/04/08 Affidavit of indigency, filed by Leah Barrows.

  1.0 07/30/08 MOTION to waive entry fee, filed by Leah Barrows.

      07/30/08 RE#1: Without passing on the question of indigency which shall
               be reconsidered upon filing of the petitioners own affidavit
               of indigency on or before August 1, 2008. Filing fee is waived and
               the petition is entered this date.

  2.0 07/30/08 PETITION purs to GLc 231, s. 118 w/attach, filed by Leah
               Barrows.

      07/31/08 RE#2: No action is taken pending compliance with the Standing
               Order governing petitions including submission of copies of the
               orders from which petitioner seeks review, and any other
               relevant portions of the record. *Notice.

11/17/08

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT SINGLE JUSTICE

2008-J-0338

LEAH BARROWS vs. TARIQ BUTT

* * *   D O C K E T   * * *

---------------------------------------------------------------

| PAPER | DATE | ENTRY |
|-------|------|-------|
| 3.0 | 08/04/08 | Affidavit of indigency, per paper #1, filed by Leah Barrows. |
| 4.0 | 08/11/08 | Motion to strike and/or dismiss paper #2, and to sanction Attorney Richard M. Pareles and to award Tariq Butt reasonable fees filed by Tariq Butt. |
| 5.0 | 08/26/08 | ORDER: "The petitioner is to comply with the order of July 31, 2008, regarding the provisions of the Standing Order, on or before September 12, 2008." Notice/attest/Kern, J./Image |
| 6.0 | 09/11/08 | Copy of petition to disallow rulings of Judge Kern received from Leah Barrows. |
| 7.0 | 09/11/08 | MOTION to stay proceedings in lower court, filed by Leah Barrows. |
| | 09/25/08 | RE#2 REVISED ACTION: All requested relief is denied. (Fecteau, J.) *Notice/Attest/Kern, J.. |
| | 09/25/08 | RE#4: Denied. (Fecteau, J.) *Notice/Attest/Kern, J.. |
| | 09/25/08 | RE#7: Denied. (Fecteau, J.) *Notice/Attest/Kern, J.. |
| 8.0 | 10/21/08 | Limited notice of appeal filed by Tariq Butt. |
| | 10/22/08 | Copy of P#8 to counsel. |
| 9.0 | 10/22/08 | Notice of Assembly of the Record to counsel. |
| 10.0 | 10/22/08 | Entry statement, docket entries to panel. |
| | 10/22/08 | Memo: Single justice file is with panel assembly. |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                              SUPERIOR COURT
                                           C.A. NO. 08-CV-0240

| | |
|---|---|
| ARTHUR H. GOLDSMITH,<br>Beneficiary of the June 26,<br>2008 Order,<br>TARIQ BUTT,<br>                Defendant,<br>v.<br><br>LEAH BARROWS,<br>          Plaintiff<br>RICHARD M. PARELES,<br>         Contemnor | ) ) ) ) ) ) ) ) ) ) ) )<br><br>VERIFIED CONTEMPT COMPLAINT |

## INTRODUCTION

1.    This is a contempt Complaint under M. R. Civ. P. 65.3 to enforce the Court's (Kern, J.) June 26, 2008 dated, June 30, 2008 entered Order ordering Attorney Richard M. Pareles to pay $9,000 in fees to Attorney Arthur H. Goldsmith.

2.    On August 7, 2008, the Court (Kern, J.) ordered Attorney Pareles to pay the $9,000 by August 28, 2008.

3.    On September 25, 2008, the Appeals Court denied Attorney Pareles' Petition to Disallow Judge Kern's Rulings and denied his Motion to Stay -- thus making this contempt action ripe and free from any bar, stay, or appeal.

## PARTIES

4.    Attorney Arthur H. Goldsmith, counsel for the Defendant, Tariq Butt, is the beneficiary of the June 26, 2008 dated, June 30, 2008 entered Order and has a usual place of business at 29 Forest Avenue, West Newton, MA  02465.

1

5.   The Contemnor is Attorney Richard M. Pareles, counsel
for the Plaintiff, Leah Barrows.  Attorney Pareles lists P.O. Box
942, Watertown, MA  02471, as his usual place of business, on his
M. R. Civ. P. 5(g) required Court papers and with the BBO.  It is
not clear that a P.O. Box is a proper "address" under M. R. Civ.
P. 5(g).  Pareles lists his location as 125 Palfrey Street,
Watertown, in the 2008 Massachusetts Lawyers' Diary.

### FACTUAL ALLEGATIONS

6.   On January 16, 2008, on behalf of the Plaintiff, Leah
Barrows, Attorney Pareles commenced this wrongful Middlesex
Superior Court action against Tariq Butt.  Pareles first sought
ex parte attachment relief, but the Court (Smith, J.) declined to
enter any relief, and set the motion down for hearing on
February 12, 2008, and then for hearing on March 19, 2008.

7.   On March 19, 2008, Tariq Butt, by his counsel, Arthur
H. Goldsmith, filed and argued Butt's Verified Motion to Dismiss
the Complaint, in opposition to the Plaintiff's Motion to
Preserve Property.  The Court (Smith, J.) took the motions under
advisement.

8.   On April 18, 2008, Attorney Pareles served a frivolous
Motion to Compel Responses to Interrogatories, while Tariq Butt's
argued Motion to Dismiss was still pending.  Butt's Motion to
Dismiss contained a specific prayer to stay discovery pending the
Court's decision on the Motion to Dismiss.

9.   On April 25, 2008, Butt, by Attorney Goldsmith, timely
served Butt's Opposition to the Motion to Compel and Cross-Motion

For Sanctions, Fees and to Enjoin Attorney Pareles from serving any more motions pending the Court's disposition of the argued and pending Motion to Dismiss.

10.   Attorney Pareles did not package up his Motion to Compel with Butt's original Opposition/Cross-Motion, or file same with the Court in accordance with Superior Court Rule 9A.

11.   On May 9, 2008, Attorney Goldsmith submitted the Plaintiff's own Motion to Compel, with Butt's Opposition/Cross-Motion to the Court, with his (Goldsmith's) own Superior Court Rule 9A Certificate.

12.   On May 14, 2008, Attorney Pareles served a frivolous Motion to Transfer the Middlesex Superior Court action to the Middlesex Probate & Family Court.  The Middlesex Probate & Family Court had, on December 3, 2007, declined to entertain or exercise jurisdiction over the nonresident parties, see Exh. "50," of Butt's Exhibits in Support of his Motion to Dismiss.

13.   On May 22, 2008, Attorney Goldsmith timely served Butt's original Opposition to the Motion to Transfer and Cross-Motion to Strike Attorney Pareles' Affidavit, and For Further Sanctions and Fees upon Attorney Pareles.

14.   Attorney Pareles did not package up or file his Motion to Transfer, along with Butt's original Opposition/Cross-Motion with the Court, in accordance with Superior Court Rule 9A.

15.   On May 22, 2008, the Court scheduled a June 19, 2008 hearing on the Motion to Compel and Cross-Motion.

16.   On June 5, 2008, Attorney Goldsmith submitted the Plaintiff's own Motion to Transfer, with Butt's Opposition and Cross-Motion to the Court, with his (Goldsmith's) own Superior Court Rule 9A Certificate.

17.   On June 9, 2008, the Court (Kern, J.) denied the Motion to Transfer, and allowed the Cross-Motion to Strike Attorney Pareles' Affidavit.

18.   On June 19, 2008, at the noticed and scheduled Court hearing, Judge Leila R. Kern presiding, Attorney Goldsmith appeared.  Attorney Pareles did not appear.

19.   On June 19, 2008, the Court (Kern, J.) denied the Plaintiff's Motion to Compel, and ordered Plaintiff's counsel, Richard M. Pareles, to pay the Defendant's counsel reasonable counsel fees and costs incurred in responding to the frivolous motion to compel and enjoined Attorney Pareles from filing any more motions pending the Court's ruling on Defendant Butt's Motion to Dismiss.  The Court (Kern, J.) directed Attorney Goldsmith to submit an Affidavit of his time.

20.   On June 24, 2008, Attorney Goldsmith submitted his Affidavit of Time, seeking $12,900, along with a draft Order Awarding Fees and Sanctions.

21.   On June 26, 2008, the Court (Kern, J.) entered an Order and ordered Attorney Richard Pareles to pay Attorney Arthur Goldsmith $9,000 -- less than the $12,900 sought in Attorney Goldsmith's June 24, 2008 Affidavit.

22.  On July 3, 2008, Attorney Pareles filed Notices of Appeal from five different orders, including the June 23, 2008 Order to pay reasonable attorney fees and the June 26, 2008 dated, June 30, 2008 entered order to pay $9,000.

23.  Attorney Pareles therefore had knowledge of said Orders.

24.  On July 10, 2008, Attorney Goldsmith, on Tariq Butt's behalf, served a Motion to Strike the Five Notices of Appeal, and to Set a Specific Time For Payment of the June 26, 2008 dated, June 30, 2008 entered Order, in accordance with Superior Court Rule 9A.

25.  On July 28, 2008, no opposition having been received, Attorney Goldsmith submitted the Motion to Strike and to Set a Specific Time for Payment to the Clerk, along with his (Goldsmith's) Superior Court Rule 9A Certificate.

26.  On July 30, 2008, Attorney Pareles filed a Petition to Disallow the Rulings of Judge Kern Pursuant to M.G.L. c. 231, § 118, with the Appeals Court, Barrows v. Butt, Appeals Court No. 2008-J-0338.

27.  On July 31, 2008, the Appeals Court entered an Order stating that no action is being taken, because the orders for which the Petitioner Barrows sought interlocutory review were not submitted with the Petition, as required by the Appeals Court's Standing Order on Interlocutory Petitions.

28.  On August 7, 2008, the Court (Kern, J.) endorsed Butt's Motion to Set a Specific Time to Pay the June 30, 2008 Order by

August 28, 2008. That 8/7/08 endorsed Order was not entered
until August 28, 2008, when the Clerk's Separate Notice of Entry
of the Order was sent out. Attorney Goldsmith did not know about
the August 7, 2008 Order until after he received the Clerk's
August 28, 2008 Notice.

29. On August 8, 2008, Tariq Butt moved to strike and/or
dismiss the Interlocutory Petition, Appeals Court No. 08-J-0338,
and to Sanction Attorney Pareles, for filing an untimely and
abusive Petition and Memorandum in which Attorney Pareles called
Goldsmith a "misogynist attorney." The first page of Pareles'
Memorandum is attached hereto as Exh. "E."

30. On August 22, 2008, at 4:50PM, Richard Pareles called
Attorney Goldsmith's cell phone, 617-721-7210, and stated that
Tariq Butt had not made a support payment. Attorney Goldsmith
replied that he (Goldsmith) had not spoken to Tariq Butt in a
while, and did not know about any alleged missed payment.
Attorney Pareles asked he is (Pareles) could contact Butt
directly. Attorney Goldsmith stated that Pareles could.
Attorney Goldsmith then inquired of Pareles when Pareles was
going to pay the Court-ordered $9,000. Attorney Pareles stated
that he (Pareles) was not going to pay. Attorney Goldsmith then
asked Pareles if he (Pareles) wanted to subject himself to a
contempt action. Attorney Pareles said to "go ahead."

31. On August 26, 2008, the Appeals Court entered a
Separate Order ordering the Petitioner (Barrows or Pareles) to
comply with the July 31, 2008 Order to submit the orders for

which interlocutory review was sought, by September 12, 2008,

thus giving Pareles even more time to supplement an otherwise

deficient Interlocutory Petition.

32.  On August 28, 2008, the Middlesex Superior Court Clerk

sent out Notice of the August 7, 2008 Order that the $9,000 was

to be paid by August 28, 2008.

33.  On and after August 28, 2008, Attorney Pareles did not

pay the $9,000, or make any arrangements to pay the $9,000 in

full or on payment schedule.

34.  Attorney Pareles' contemptuous nonpayment was

consistent with his August 22, 2008 communication to bring a

contempt against him, as Pareles had no intention to comply with

the June 26, 2008 order, as supplemented by the August 7, 2008

order.

35.  On September 10, 2008, Attorney Pareles resubmitted his

Interlocutory Petition to the Appeals Court, with front page

endorsements of the various orders, including the August 7, 2008

endorsed Order to pay the $9,000 by August 28, 2008, along with a

Motion to Stay the Middlesex Superior Court action, again showing

Pareles' knowledge of said orders to pay the $9,000 by August 28,

2008.

36.  On September 15, 2008, the Court (Kern, J.) entered a

Judgment of Dismissal for Failure to Comply With the Order dated

August 7, 2008 to pay the $9,000 by August 28, 2008.

37.  On September 25, 2008, the Appeals Court entered orders

denying all requested relief in the Interlocutory Petition.

38. Attorney Goldsmith had to await the Appeals Court's rulings rejecting Pareles' attempt at an interlocutory appeal of the June 26, 2008 Order before bringing this contempt.

CONTEMPT

39. By Order dated June 26, 2008, and entered June 30, 2008, a true copy of which is attached and incorporated as Exh. "A," the Court (Kern, J.) awarded Tariq Butt's counsel, Arthur H. Goldsmith, $9,000 in sanctions, for time expended by Attorney Goldsmith, in responding to Attorney Pareles' frivolous motion to compel, while an argued and heard motion to dismiss was pending.

40. By Order dated August 7, 2008, the Court (Kern, J.) ordered the $9,000 to be paid by August 28, 2008. True copies of the August 7, 2008 endorsement and August 28, 2008 Clerk's Entry are attached as Exhs. "B" and "C."

41. Pareles sought to timely appeal said Order, by interlocutory petition, but the Appeals Court, in a September 25, 2008 Order, denied relief, attached as Exh. "D."

42. The June 26, 2008 Order to pay $9,000, as supplemented by the August 7, 2008 Order to pay the $9,000 by August 28, 2008, are clear, unambiguous, valid, enforceable, and unstayed Orders.

43. A judge's explained Order that an attorney personally pay sanctions in the form of attorney fees is a valid order supported by numerous appellate decisions and precedents.

44. Attorney Pareles had knowledge of and was aware of the June 26, 2008 Order, as he noticed an appeal from the Order on

8

July 3, 2008; and he had knowledge of and was aware of the
August 7, 2008 Order to pay the $9,000 by August 28, 2008, as he
attached a copy of said August 7, 2008 Order to his September 10,
2008 submitted Interlocutory Petition to Disallow the Rulings of
Judge Kern, pursuant to M.G.L. c. 213, § 118, to the Appeals
Court.

45.  Attorney Pareles has not paid the $9,000 to Attorney
Goldsmith by the August 28, 2008 due date; has not complied with
the June 26, 2008 Order; stated, on August 22, 2008, that he
(Pareles) was not going to pay or comply with the order; and has
not demonstrated that he is incapable of complying with the
Order.

46.  On belief, an attorney admitted or practicing law since
1987, when Pareles was admitted, has $9,000 in assets or bank
funds or stocks, is capable of generating or borrowing $9,000
within two months, or has the capacity to ask the good client who
referred the Barrows case to him to loan him (Pareles) the $9,000
to comply with the June 26, 2008 Order.

47.  Attorney Pareles, rather than respectfully challenging
an order, as is every attorney's right, has exhibited a defiant
attitude toward the Order, and has deliberately and undoubtedly
disobeyed the Order, without seeking comply with any part of the
Order.

48.  Attorney Pareles is in contempt of the June 26, 2008
dated, June 30, 2008 entered Order to pay $9,000, as supplemented
by the August 7, 2008 Order to pay the $9,000 by August 28, 2008.

49.   The contemnor, Attorney Richard M. Pareles, is fully capable of complying with the June 26, 2008 dated Order, has failed to do so; has defied the Order and the Court's authority to enter said Order; and is in contempt and violation of said Order.

50.   Tariq Butt and the beneficiary of said Order, Attorney Goldsmith, seek to hold and adjudicate Attorney Pareles in contempt, and have a contempt judgment entered against Richard M. Pareles, directing Richard M. Pareles to comply with the June 26, 2008 Order and to pay reasonable attorney fees for seeking compliance and enforcement of said Order.

WHEREFORE, Tariq Butt and Attorney Goldsmith respectfully request this Court to:

1)   Require Richard M. Pareles to appear before this Court on _____, 2008, or such time as the Court directs, to show cause why Richard M. Pareles should not be adjudged in contempt of the Court.

2)   Issue a Contempt Summons directing Richard M. Pareles to appear before the Court on          , 2008 or such time as the Court directs.

3)   Pursuant to M. R. Civ. P. 4.2, to issue a trustee process attachment in the sum of $9,000, plus reasonable attorney fees, on any and all bank, financial or stock accounts owned or held by Richard M. Pareles.

4)   Pursuant to M. R. Civ. P. 69, issue an Order directing Richard M. Pareles to disclose the names, addresses and account

numbers of all bank accounts or other interests held by financial

institutions or trustees that hold any goods/credits/funds,

property or entitlements of Richard M. Pareles, and the amounts

of said goods/credits/funds held by each such bank, institution,

or trustee, and then an order approving trustee process

attachments in the $9,000 amount, plus reasonable attorney fees,

and naming such entities as trustee defendants, and to issue

trustee summonses to each such bank, institution and trustee.

5)   Pursuant to M. R. Civ. P. 69, issue an Execution in the
sum of all adjudicated damages.

6)   Award reasonable attorney fees to cover counsel's time
in preparing and presenting this contempt complaint and requiring
Attorney Goldsmith to litigate to obtain enforcement of the
June 26, 2008 sanctions order, as attorney fees are a recognized
form of contempt damages and remedy.

7)   Pursuant to the Court's inherent and equitable
authority, award such further damages or relief as this Court
deems just and warranted.

8)   Enter a contempt judgment against Richard M. Pareles,
individually and severally, for damages and attorney fees.

9)   Award interest under G.L. c. 231, § 6C.

10)   Award costs.

11)   Impose any reasonable incarcerative sentence to coerce
compliance with the Order.

12)   Award such further equitable, declaratory or monetary
relief as this Court deems just and warranted.

## VERIFICATION

I, Arthur H. Goldsmith, Attorney for Tariq Butt, hereby verify and swear, that the facts and statements contained in this Verified Contempt Complaint are true and accurate and based upon my personal knowledge and information.

Signed under the penalties of perjury this October 20, 2008.

ARTHUR H. GOLDSMITH
BBO #199720
29 Forest Avenue
West Newton, MA  02465-2503
617-527-2640; Fax 244-1670
arthurgoldsmith@earthlink.net

October 20, 2008

## CERTIFICATE OF SERVICE

I, Arthur H. Goldsmith, Attorney for Tariq Butt, hereby certify that, on October 20, 2008, I served, by First Class Mail, the within Verified Contempt Complaint, upon:

1)   Richard M. Pareles, Esq.            By First Class Mail
     P.O. Box 942
     Watertown, MA  02471
     Attorney for Plaintiff

2)   Tariq Butt                         By Email: TRBU8@aol.com

Arthur H. Goldsmith

12

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

Exh. "L"

Middlesex County
Civil No. 08-246


Arthur H. Goldstein

v.

Leah Barrows

## ORDER

This matter came on before the Court, Leila R. Kern presiding, at a hearing on the plaintiff's Complaint for Contempt.  The Contemnor, Richard M. Pareles, failed to appear but a recorded hearing was conducted via telephone conference at the Worcester Superior Court whereby

**Richard M. Pareles is ORDERED to appear at a Show Cause hearing to be held on November 18, 2008 at 2:00pm in Court Room 19 of the Worcester Superior Court.   Failure to appear will result in a finding of contempt and appropriate sanctions will be imposed.**

Dated at Worcester this 6th day of November,  2008

Leila R. Kern
Associate Justice

# Commonwealth of Massachusetts
## MIDDLESEX SUPERIOR COURT
## Case Summary
## Civil Docket

## Barrows v Butt

Details for Docket: MICV2008-00246

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2008-00246 | **Caption:** | Barrows v Butt |
| **Filing Date:** | 01/16/2008 | **Case Status:** | Dismissed |
| **Status Date:** | 09/15/2008 | **Session:** | Civil C CtRm 610 (Woburn) |
| **Lead Case:** | NA | **Case Type:** | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 11/11/2008 |
| **Service Date:** | 04/15/2008 | **Disposition:** | 11/06/2009 |
| **Rule 15:** | 06/14/2008 | **Rule 12/19/20:** | 06/14/2008 |
| **Final PTC:** | 05/10/2009 | **Rule 56:** | 01/10/2009 |
| **Answer Date:** | 05/15/2008 | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2008-00246 | **Caption:** | Barrows v Butt |
| **Filing Date:** | 01/16/2008 | **Case Status:** | Dismissed |
| **Status Date:** | 09/15/2008 | **Session:** | Civil C CtRm 610 (Woburn) |
| **Lead Case:** | NA | **Case Type:** | Misc equitable remedy |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 11/11/2008 |
| **Service Date:** | 04/15/2008 | **Disposition:** | 11/06/2009 |
| **Rule 15:** | 06/14/2008 | **Rule 12/19/20:** | 06/14/2008 |
| **Final PTC:** | 05/10/2009 | **Rule 56:** | 01/10/2009 |
| **Answer Date:** | 05/15/2008 | **Jury Trial:** | YES |

## Parties Involved

2 Parties Involved in Docket: MICV2008-00246

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|

## Attorneys Involved

2 Attorneys Involved for Docket: MICV2008-00246

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | | |
| **Last Name:** | Pareles | **First Name:** | Richard M | |
| **Address:** | PO Box 942 | **Address:** | | |
| **City:** | Watertown | **State:** | MA | |
| **Zip Code:** | 02471 | **Zip Ext:** | | |
| **Telephone:** | 617-233-6778 | **Tel Ext:** | | |
| **Fascimile:** | | **Representing:** | Barrows, Leah (Plaintiff) | |

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | | |
| **Last Name:** | Goldsmith | **First Name:** | Arthur H | |
| **Address:** | 29 Forest Avenue | **Address:** | | |
| **City:** | W Newton | **State:** | MA | |
| **Zip Code:** | 02465 | **Zip Ext:** | 2503 | |
| **Telephone:** | 617-527-2640 | **Tel Ext:** | | |
| **Fascimile:** | 617-244-1670 | **Representing:** | Butt, Tariq (Defendant) | |

## Calendar Events

7 Calendar Events for Docket: MICV2008-00246

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 02/12/2008 | 14:00 | Motion/Hearing: R E attachmnt | C | Event canceled not re-scheduled |
| 2 | 03/19/2008 | 14:00 | Motion/Hearing: R E attachmnt | C | Event held as scheduled |
| 3 | 06/19/2008 | 14:00 | Motion/Hearing: Compel | C | Plaintiff did not appear |
| 4 | 08/28/2008 | 08:30 | Status: by clerk | C | Event held as scheduled |
| 5 | 09/05/2008 | 08:30 | Status: by clerk | C | Event held as scheduled |
| 6 | 11/06/2008 | 14:00 | Motion/Hearing: Contempt | C | Event not held-req of Defendant |
| 7 | 12/19/2008 | 14:00 | Motion/Hearing: Contempt | C | |

11/21/2008 9:25 AM

# Full Docket Entries

122 Docket Entries for Docket: MICV2008-00246

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 01/16/2008 | 1 | Complaint & civil action cover sheet filed |
| 01/16/2008 | | Origin 1, Type D99, Track F. |
| 01/16/2008 | 2 | Affidavit of indigency and Request for Waiver, substitution or state |
| 01/16/2008 | 2 | payment of normal fees & costs, ALLOWED (Smith, Jr., J.) (IMPOUNDED). |
| 01/16/2008 | 2 | Copy mailed 1/24/08. |
| 01/16/2008 | 3 | Plaintiff's ex parte MOTION to Preserve Property and MOTION for |
| 01/16/2008 | 3 | Approval of Real Estate Attachment with affidavits. After an Ex Parte |
| 01/16/2008 | 3 | hearing and a careful reading of the plaintiff's submissions, the |
| 01/16/2008 | 3 | plaintiff's "Ex Parte Motion to Preserve Property and Motion for |
| 01/16/2008 | 3 | Approval of Real Estate Attachment" is DENIED. Instead a Short Order |
| 01/16/2008 | 3 | of Notice shall issue. Since the defendant resides out of state the |
| 01/16/2008 | 3 | hearing on the motion for a real estate attachment and "to preserve |
| 01/16/2008 | 3 | property" shall be scheduled on a date 3 weeks from today (Smith, |
| 01/16/2008 | 3 | Jr., J.). Matter is set down for hearing on February 12, 2008 at 2:00 |
| 01/16/2008 | 3 | PM (Smith, Jr., J.). Dated 1/16/08. Copy mailed 1/24/08. |
| 02/25/2008 | | MOTION (P#3) The within matter is set down for hearing March 19, 2008 |
| 02/25/2008 | | at 2:00 pm in Courtroom 610 in Woburn. (Herman J. Smith Jr., |
| 02/25/2008 | | Justice). Copy given in hand. |
| 04/16/2008 | | Case status changed to 'Needs status review' at service deadline |
| 04/16/2008 | | review |
| 05/13/2008 | 4 | Plaintiff Leah Barrows's MOTION to Compel Responses to Discovery by |
| 05/13/2008 | 4 | Defendant, Tariq Butt; Defendant opposition to plff's motion and |
| 05/13/2008 | 4 | Cross-Motion for Sanctions, further Fees and to enjoin attorney |
| 05/13/2008 | 4 | Pareles from serving any more motions in this case; Defendant, Tariq |
| 05/13/2008 | 4 | Butt's Rule 9A Certificate |
| 06/06/2008 | 5 | Plaintiff Leah Barrows's MOTION to Transfer to Middlesex Probate |
| 06/06/2008 | 5 | Court, Affidavit of Plff's Counsel in Support of, Deft, Tariq Butt's |
| 06/06/2008 | 5 | Opposition, Deft Rule 9A Certificate Re Motion |
| 06/06/2008 | 6 | Defendant's opposition to plaintiff's motion to transfer and cross |
| 06/06/2008 | 6 | motion to strike Atty Pareles' scandalous and perjurious affidavit |
| 06/06/2008 | 6 | and for further sanctions and fees against Atty Richard M Pareles |
| 06/09/2008 | | Motion (P#5) Denied. (Leila R. Kern, Justice). Notices mailed |
| 06/09/2008 | | 6/10/2008 |
| 06/10/2008 | | Re: (P#6) - Cross motion to strike affidavit is ALLOWED (Kern, J.) |

| | | |
|---|---|---|
| 06/10/2008 | | dated 06/09/08, entered on docket and notices mailed 06/10/08 |
| 06/19/2008 | 7 | Defendant's opposition to plaintiff's motion to compel and |
| 06/19/2008 | 7 | cross-motion for sanctions, further fees and to enjoin Atty Pareles |
| 06/19/2008 | 7 | from serving any more motions in this case |
| 06/23/2008 | | Motion (P#4) DENIED furthermore plff's counsel is required to pay to |
| 06/23/2008 | | deft's counsel a reasonable amount for deft's counsel's fees and |
| 06/23/2008 | | costs incurred in responding to this frivilous motion (Leila R. Kern, |
| 06/23/2008 | | Justice) dated 06/19/08, entered on docket and notices mailed 06/23/08 |
| 06/23/2008 | | Re: (P#4) - Deft's motion to enjoin plff from filing any additional |
| 06/23/2008 | | motions in this case is ALLOWED pending this Court, Smith, J's |
| 06/23/2008 | | decision on deft's motion to dismiss (Kern, J.) dated 06/19/08, |
| 06/23/2008 | | entered on docket and notices mailed 06/23/08 |
| 06/30/2008 | 8 | ORDER: Atty Richard Pareles is to pay Atty Arthur Goldsmith $9,000 |
| 06/30/2008 | 8 | for his fees (@ 300 per hour) responding to Atty Pareles' frivolous |
| 06/30/2008 | 8 | motion to compel further answers to discovery; these fees cover the |
| 06/30/2008 | 8 | period from 04/21/08 to 06/19/08 (Kern, J.) dated 06/26/08, entered |
| 06/30/2008 | 8 | on docket and copies mailed 06/30/08 |
| 07/03/2008 | 9 | Plaintiff Leah Barrows's notice of appeal from the denial of |
| 07/03/2008 | 9 | plaintiff's motion to transfer, entered by Kern, J. on June 9, 2008. |
| 07/03/2008 | 10 | Plaintiff Leah Barrows's notice of appeal from the allowance of the |
| 07/03/2008 | 10 | defendant's cross motion to strike the affidavit of Attorney Pareles, |
| 07/03/2008 | 10 | entered by Kern, J. on June 10, 2008. |
| 07/03/2008 | 11 | Plaintiff Leah Barrows's notice of appeal from the allowance of |
| 07/03/2008 | 11 | defendant's motion to enjoin Attorney Pareles from entering any |
| 07/03/2008 | 11 | further motions, entered by Kern, J. on June 23, 2008. |
| 07/03/2008 | 12 | Plaintiff Leah Barrows's notice of appeal from the allowance of the |
| 07/03/2008 | 12 | defendant's motion for attorney's fees, entered by Kern, J. on June |
| 07/03/2008 | 12 | 23, 2008. |
| 07/03/2008 | 13 | Plaintiff Leah Barrows's notice of appeal from the assessment of |
| 07/03/2008 | 13 | $9,000 in attorneys fees, assessed against Attorney Pareles entered |
| 07/03/2008 | 13 | by Kern, J. on June 30, 2008. |
| 07/08/2008 | | Notice of filing of appeal (#9-#13) sent to all counsel of record. |
| 07/30/2008 | 14 | Defendant Tariq Butt's MOTION to strike the Plaintiff's Five Notices |
| 07/30/2008 | 14 | of Appeal dated July 1, 2008, and Docketed July 8, 2008 and to set a |
| 07/30/2008 | 14 | specific time for payment of the June 30, 2008 "Unappealble" until |
| 07/30/2008 | 14 | Final Judgment $9,000 Sanctions Order; Deft's Rule 9A Certificate (No |
| 07/30/2008 | 14 | opposition received) Certificate of Service and Request for any Rule |
| 07/30/2008 | 14 | 9A Opposition. |
| 08/27/2008 | 15 | Notice of docket entry received from Appeals Court: Please take note |

| 08/27/2008 | 15 | that on August 26, 2008, the following entry was made on the docket |
| 08/27/2008 | 15 | of the above-referenced case: ORDER: " The petitioner is to comply |
| 08/27/2008 | 15 | with the order of July 31, 2008, regarding the provisions of the |
| 08/27/2008 | 15 | Standing Order on or before September 12, 2007." dated 8/26/08 |
| 08/28/2008 |  | Motion (P#14) Allowed in part. Payment of amount ordered ( 6/30/08 ) |
| 08/28/2008 |  | must be paid by August 28, 2008 (Leila R. Kern, Justice). ( Dated |
| 08/28/2008 |  | August 7, 2008 ) Notices mailed 8/28/2008 |
| 09/15/2008 | 16 | JUDGMENT of dismissal; failure to comply with Order dated 8/7/2008. |
| 09/15/2008 | 16 | (Leila R. Kern, Justice) Copies mailed 9/15/2008 |
| 10/20/2008 | 17 | Defendant Tariq Butt's Verified MOTION for Attorney fees for |
| 10/20/2008 | 17 | defending against the plaintiff's abusive Jurisdiction-less, |
| 10/20/2008 | 17 | Non-Actionable, Frivolous, Barred, Bad, and Bad Faith Complaint; |
| 10/20/2008 | 17 | Attorney's Goldsmith's affidavit in support of motion for an award of |
| 10/20/2008 | 17 | atty.'s fee and Sanction; Deft's Rule 9A Certificate (No opposition |
| 10/20/2008 | 17 | received) Deft's Request for Hearing. |
| 10/20/2008 | 18 | Defendant Tariq Butt's MOTION to Shorten the time for Attorney |
| 10/20/2008 | 18 | Pareles to answer Rule 69 Discovery Requests. |
| 10/20/2008 | 19 | Verified CONTEMPTComplaint |
| 10/31/2008 |  | Verified Contempt Complaint P#19, After review, summons to issue, |
| 10/31/2008 |  | returnable 11/6/2008 at 2:00 pm in the Worcester Superior Court - |
| 10/31/2008 |  | Room 19 (Kern, J.). Dated 10/28/08. |
| 10/31/2008 | 20 | Summons on contempt issued re: Richard M. Pareles (Kern, J.), |
| 10/31/2008 | 20 | returnable 11/6/2008 at 2:00 pm in Courtroom 19 at Worcester Superior |
| 10/31/2008 | 20 | Court. |
| 10/31/2008 |  | (Motion) (P#18) - Answers to interrogatories and request for |
| 10/31/2008 |  | production of documents will be responded to within time allowed |
| 10/31/2008 |  | pursuant to the rules. A "show cause" hearing will be held in |
| 10/31/2008 |  | December 2009 and all such answers and responses must be served at |
| 10/31/2008 |  | least 7 days prior to said hearing (Kern, J.). Dated 10/23/08. Copies |
| 10/31/2008 |  | and Notices mailed 10/31/08. |
| 10/31/2008 |  | (Motion) (P#17) ALLOWED (Kern, J.). Dated 102/23/07. Notices mailed |
| 10/31/2008 |  | 10/31/2008. |
| 11/03/2008 |  | Appeal entered in Appeals Court on 10/30/2008 docket #A.C.2008-P-1838. |
| 11/19/2008 | 21 | Notice of docket entry received from Appeals Court: Please take note |
| 11/19/2008 | 21 | that, with respect to the MOTION for stay under MRAP 6(A) w/attach, |
| 11/19/2008 | 21 | filed by Leah Barrows. (Paper #2), on November 18, 2008, the |
| 11/19/2008 | 21 | following order was entered on the docket of the above-referenced |
| 11/19/2008 | 21 | case: RE#2: Denied. (Grainger, J.) dated 11/18/08 |
| 11/19/2008 | 22 | Notice of docket entry received from Appeals Court: Please take note |

| 11/19/2008 | 22 | that, with respect to the Motion to file late notice of appeal filed |
| 11/19/2008 | 22 | by Leah Barrows. (Paper #3), on November 18, 2008, the following |
| 11/19/2008 | 22 | order was entered on the docket of the above-referenced case: RE#3: |
| 11/19/2008 | 22 | Denied without prejudice to refiling upon a showing of meritorious |
| 11/19/2008 | 22 | issue and excusable neglect. See Tisei v. Building Inspector of |
| 11/19/2008 | 22 | Marlborough, 3 Mass. App. Ct. 377 (1975). (Grainger, J.) dated |
| 11/19/2008 | 22 | 11/18/08 |
| 11/21/2008 | 23 | ORDER Attorney Parelis shall serve his brief ( re: bankruptcy stay ) |
| 11/21/2008 | 23 | to the plaintiff pursuant to Rule 9A no later than November 28, 2008. |
| 11/21/2008 | 23 | (Dennis J. Curran, Justice) |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          PROBATE & FAMILY COURT
                                        NO. 03W-0734

LEAH BARROWS,                    )
                   Plaintiff,    )      ORDER AWARDING FEES AND
v.                               )      EXPENSES
TARIQ BUTT,                      )
                   Defendant     )

Upon the Motion of Tariq Butt, and after the March 19, 2007

hearing, it is hereby ordered that Attorney Richard M. Pareles pay

to Tariq Butt, or his attorney, Arthur H. Goldsmith, the following:

Service Fee Charged By Bank and Expenses to
Record Order Dissolving/Discharging Attachment            $178

~~Reasonable Attorney Fees~~                              $ ——

Said payment shall be made within thirty days of entry of this

Order.

So ordered this _10th_ day of _May_, 2007.

Leilah A. Keamy, Justice
Middlesex Probate & Family Court